**msk**

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/2025

February 10, 2025

**VIA ECF**

Hon. Margaret M. Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

   Re: *Darko v. Graham et al.*, **Case No. 1:23-CV-03232 (MMG)**

Dear Judge Garnett:

We represent Defendants UMG Recordings, Inc., Universal Music Publishing, Inc., Universal Songs of Polygram International Inc., Universal Music Publishing AB, Bremer Music Group AB, Warner Music Group Corp., Warner-Tamerlane Publishing Corp., Aubrey Drake Graham (p/k/a Drake), Johannes Klahr, and Richard Zastenker (collectively, "Defendants") in the above-captioned action. We write to respectfully request that the Court lift the stay on this matter and hear Defendants' Motion to Dismiss (the "Motion to Dismiss"; ECF 92, 122) considering the undisclosed status of the Ghanaian Action.[1]

On January 14, 2025, counsel for Plaintiff Michael Elliot Kwabena Okyere Darko (p/k/a Obrafour) ("Plaintiff") filed a letter with the Court, pursuant to this Court's order directing Plaintiff "to file a status letter every 60 days . . . detailing the status of the Ghanaian Action." ECF 140 (the "Order"). In his first status letter of November 15, 2024 (ECF 141), Plaintiff wrote of his motion in the Ghanaian Action to set aside Mantse Aryeequaye's ("Mantse") Writ of Summons and to strike Mantse's statement of claim (the "Ghanaian Motion to Strike"). Plaintiff's January 15, 2025 letter, however, makes no mention of that motion or its outcome, advising only of a December 10, 2024 motion to transfer subsequently filed by Plaintiff in the Ghanaian Action. ECF 143.

Defendants learned that Plaintiff's Ghanaian Motion to Strike was denied on November 25, 2024, and that the Ghanaian court ordered Plaintiff to file "a defense" in December. *See* Ex. A. Instead, Plaintiff filed a procedural motion to transfer.[2] Defendants submit that these facts, which were deliberately omitted from Plaintiff's status letter, should have been brought to this Court's

---

[1] As discussed below, the Court stayed this U.S. action pending adjudication of the predicate ownership issue in Ghana.

[2] While Plaintiff filed a motion to transfer in lieu of a response to the pleadings on December 6, 2024 (which appears to be a continuation of his efforts to avoid addressing the merits in the Ghanaian Action), we understand from local Ghanaian counsel that regardless of the outcome of the motion to transfer, the Ghanaian Action is proceeding on the merits.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM

20457747.4



February 10, 2025
Page 2

attention as they demonstrate that the Ghanaian Action is proceeding for an indefinite period of time to an adjudication on the merits.[3]

As set forth in Defendants' Motion to Dismiss and in their letter response opposing the stay of this U.S. action (ECF 139), Plaintiff should have resolved the predicate ownership issue before filing this U.S. action. Instead—by keeping this U.S. action pending indefinitely while he resolves (and delays) adjudication of the ownership issue abroad—he continues to waste resources, clog the Court's docket, and subject Defendants to federal litigation that remains inactive on an indefinite hiatus. For these reasons, Defendants respectfully renew their request that the stay of this matter be lifted and that Defendants' Motion to Dismiss be heard and granted.

We appreciate the Court's consideration of this matter.

Respectfully,

/s/ Christine Lepera

Christine Lepera
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

CTL/sml

> Application DENIED. On September 16, 2024, the Court stayed this action pending resolution of the Ghanaian Action. Dkt. No. 140. Defendants have not established a change in circumstances warranting a lift of the stay, and the Ghanaian Action is proceeding to an adjudication on the merits on the issue of non-party Mantse Areyeequaye's alleged ownership.
>
> The deadlines directed in the September 16 Order shall remain in effect, except that Plaintiff's next status letter, currently due on March 14, 2025, shall be ADJOURNED to **May 19, 2025**. Plaintiff shall continue to file status letters every 60 days thereafter, and as well as a letter within 7 days of any dispositive resolution of the Ghanaian Action.
>
> The Clerk of Court is respectfully directed to terminate Dkt. No. 144.
>
> SO ORDERED. Date: 2/18/2025.
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE

---

[3] Attached hereto as **Exhibit A** are certain documents filed in the Ghanaian Action, including the Ghanaian Order denying Plaintiff's Ghanaian Motion to Strike. The filings contain a copy of an email authored by Edward Nana Poku Osei (p/k/a Hammer) ("Hammer"), a co-defendant in the Ghanaian Action, who submitted a declaration in this U.S. action in opposition to Defendants' Motion to Dismiss (the "Hammer Declaration"; ECF 130). In the email, Hammer accuses Plaintiff's U.S. counsel in this action of procuring the Hammer Declaration through fraud and demands that it be withdrawn. Ex. A. Plaintiff's U.S. counsel has advised Defendants that he intends to stand by his filing of the Hammer Declaration.

20457747.4